UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAL PONDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1351 (RMC) |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Lathal Ponder, acting *pro se*,[1] brought this suit against Chase Home Finance, LLC ("Chase"). Mr. Ponder alleges that when he could not afford to make payments on a mortgage loan from Chase, Chase agreed to send him a loan modification agreement and that Chase sent the agreement, but the postal service left it under the mat where it got wet in the rain. Mr. Ponder alleges that he asked Chase to send another set of documents, but he never received another package. As a result, Mr. Ponder alleges breach of contract, misrepresentation, and negligence arising from Chase's failure to resend the loan modification agreement. Chase moves to dismiss for failure to state a claim.

**I. FACTS**

Chase is the holder of the Note that is secured by Mr. Ponder's property located at 3300 Martin Luther King Avenue, Washington, D.C. Chase also services on the loan. In 2008, Mr. Ponder defaulted on the Note. Subsequently, Mr. Ponder and Chase began to negotiate a loan

---

[1] Mr. Ponder may be an attorney. He signed the Response to Defendant's Motion to Dismiss "Lathal Ponder, Esq." *See* Resp. [Dkt. # 6] at 9.

modification, and Chase sent a modification agreement to Mr. Ponder via U.S. mail. Compl. ¶¶ 6-7, 10. Mr. Ponder alleges that when he discovered the package containing the modification agreement under the mat in front of his house, the envelope and its contents were soaking wet from rain. *Id.* ¶ 11. He called Chase to request another copy. *Id.* ¶ 12. Chase agreed to send one, but Mr. Ponder never received it. *Id.* ¶¶ 13-14. Mr. Ponder and Chase continued to negotiate regarding a potential loan modification agreement, but to date no agreement has been sent to Mr. Ponder for execution. *Id.* ¶¶ 15-20. Mr. Ponder remains in default on the Note, and Chase proceeded with foreclosure. *Id.* ¶ 20.

As a result, Mr. Ponder filed a three count Complaint in District of Columbia Superior Court against Chase, alleging breach of contract, misrepresentation, and negligence. Chase removed the case to this Court based on diversity jurisdiction. Chase now moves to dismiss for failure to state a claim.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough

to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

A. Breach of Contract

The party asserting the existence of an enforceable contract, in this case Mr. Ponder, bears the burden of proving that the parties entered into an enforceable contract. *Virtual Def. & Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 17 (D.D.C. 2001). The essential elements of a contract are "competent parties, lawful subject matter, legal consideration, mutuality of assent and mutuality of obligation." *Henke v. U.S. Dep't of Commerce*, 83 F.3d 1445, 1450 (D.C. Cir. 1996). Under D.C. law,[2] there must be agreement as to all material terms and there must be an intention of the parties to be bound. *Virtual*, 133 F. Supp. 2d at 17.

Mr. Ponder alleges that Chase breached a loan modification agreement. But the parties never entered into such an agreement, and the Complaint does not allege that they did. Rather, the Complaint fails to allege that the parties agreed to any, let alone all, material terms of a loan modification. At most, the parties orally agreed to be bound by a final agreement to be drawn up and signed later, but this does not constitute an enforceable contract. *See Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 53 (D.D.C. 1998) (an agreement to agree does not create a contract under D.C. law).

In response to the motion to dismiss, Mr. Ponder contends that the parties entered into

---

[2] Federal courts sitting in diversity must apply the conflicts of law rules of the state in which they sit. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 491 (1941). Under the District of Columbia's choice of law analysis, a court should determine both governmental interests and which jurisdiction has the "most significant relationship" to the claim raised. *Oveissi v. Islamic Republic of Iran*, 573 F.3d 835, 842 (D.C. Cir. 2009) (conflicts analysis for tort cases); *Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 953 (D.C. Cir. 2001) (conflicts analysis for contract cases). The parties here seem to agree that District of Columbia law applies, as that is the law cited in their briefs and where the real property is located.

an implied-in-fact contract.  *See* Resp. [Dkt. # 6] at 4.  The Complaint also fails to state a claim under this theory of liability.  "An implied-in-fact contract is a true contract, containing all necessary elements of a binding agreement; it differs from other contracts only in that it has not been committed to writing or stated orally in express terms, but rather is inferred from the conduct of the parties in the milieu in which they dealt."  *Vereen v. Clayborne*, 623 A.2d 1190, 1193 (D.C. 1993).  The Complaint fails to allege conduct of the parties that would evidence the existence of an implied-in-fact contract.  Mr. Ponder does not allege that the parties actually entered into a modification agreement, that they mutually intended to be bound, or what the material terms of such modification were.  The breach of contract claim will be dismissed without prejudice.

B.  Misrepresentation

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for alleging fraud or mistake, requiring such claims to be alleged "with particularity."

> [T]his means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud. The rule serves to discourage the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude. . . . And because "fraud" encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response.

*United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (internal quotation marks and citations omitted).  The Complaint contains no allegations regarding the time, place, and content of the alleged false representations.  It merely states:

> 27.  Defendant knowingly and falsely represented that it would provide modification of the loan agreement for the Plaintiff to sign and that the foreclosure would be stopped.

>28. However, the Defendant failed to comply with the agreement and moved forward with the foreclosure.
>
>29. As a direct result of the Defendant's misrepresentation, Plaintiff suffered severe damages.

Compl. ¶¶ 27-29.  Disregarding Rule 9(b) entirely, Mr. Ponder argues that the Complaint satisfies the requirements of Federal Rule of Civil Procedure 8 because the allegations put Chase on notice of the claim.  The Court may not ignore the particularity requirements of Rule 9(b).  The allegations set forth in the Complaint do not state the time, place, and content of the alleged misrepresentations and thus they are insufficient to state a claim for misrepresentation.  Count 2 will be dismissed without prejudice.

### C.  Negligence

In order to prove a negligence claim, a plaintiff must allege facts establishing "(1) a duty, owed by the defendant to the plaintiff, to exercise reasonable care, (2) a breach of this duty, and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1297 n.3 (D.C. Cir. 1985).  Count 3 of the Complaint alleges that "[d]espite the duty of the Defendants [sic] to accurately prepare the loan documents the Defendants [sic] breached its duty when it callously and with total disregard for the Plaintiff failed to insure accurate delivery of the loan documents."  Compl. ¶ 33.  Count 3 fails to state a claim for negligence because it fails to assert what "duty" Chase owed to Mr. Ponder relating to delivery.  The relationship between a debtor and a creditor is ordinarily a contractual relationship and not a fiduciary relationship.  *Overseas Private Inv. Corp. v. Industria de Pesco, N.A., Inc.*, 920 F. Supp. 207, 210 (D.D.C. 1996).  Further, while all contracts contain an implied duty of good faith and fair dealing, a party is liable for breach of this duty only if he "evades the spirit of the contract, willfully renders

imperfect performance, or interferes with performance by the other party." *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 321 (D.C. 2008).

Mr. Ponder alleges that Chase had a duty to "accurately prepare the loan documents" and that it somehow breached this duty by failing to "insure accurate delivery." Compl. ¶ 33. Because the breach alleged does not match the duty alleged, the Complaint fails to state a claim in negligence. Moreover, Chase has a duty of good faith and fair dealing as the holder of the Note, but the Complaint does not allege that Chase somehow evaded the spirit of the Note, willfully rendered imperfect performance, or interfered with Mr. Ponder's performance of the Note. *See Murray*, 953 A.2d at 321. Nor does the Complaint allege a fiduciary relationship that would give rise to a special duty to Mr. Ponder. Because Count 3 fails to state a negligence claim against Chase, it will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Chase's motion to dismiss [Dkt. # 3] will be granted and this case will be dismissed without prejudice. A memorializing Order accompanies this Memorandum Opinion.

Date: October 28, 2009                                      /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge